### In the Matter of Jay D. RICH.

### No. 80S00–0408–DI–384.

Supreme Court of Indiana.

March 14, 2005.

### *ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**SUMMARY:** During relevant periods, the respondent was serving as a deputy prosecuting attorney in Tipton County. Respondent and another attorney in his office defended a bank and the bank's agent (also an attorney) against a civil action alleging excessive costs billed ($750.00) in providing notice of redemption after a tax sale. The respondent failed to forward to his client a witness subpoena, which had been served on the respondent. He did not advise his client of the subpoena until the morning of trial, and his client did not appear. Later

that day, and for several days thereafter, his client unsuccessfully attempted to speak with the respondent about the case. Respondent thereafter withdrew as the client's counsel, and never advised him of a proposed judgment or actual adverse judgment of treble damages and more than $20,000 in attorney fees.

**Violations:** Respondent violated Professional Conduct Rule 1.4(a) in his representation of his client by failing to timely advise him that a witness subpoena had been served upon him as his attorney and by failing to respond to his client's reasonable requests for information about what happened at trial. He violated Professional Conduct Rule 1.4(b) by failing to explain what had happened at trial so that he could make an informed decision about actions that he might take. Respondent violated Professional Conduct Rule 1.16(d) by withdrawing from representation of his client without taking reasonable steps to protect his client's interests. He violated Professional Conduct Rule 3.4(a) by failing to give timely notice that he had been served with a subpoena as his client's attorney thereby obstructing access by opposing counsel to his client's testimony at trial. And, Respondent violated Professional Conduct Rule 8.4(d) by failing to give timely notice that he had been served with a subpoena as his client's attorney thereby causing inconvenience to the court, the Tipton County Sheriff's Office and the Marion County Sheriff's office in order to try to produce respondent's client for the trial.

**Discipline:** Public Reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

BOEHM, RUCKER and SULLIVAN, JJ., concur.

SHEPARD, C.J. and DICKSON, J. dissent believing the discipline to be inadequate.